Filed 12/12/23  P. v. Tyler CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DIAMOND DAMARE TYLER,<br><br>  Defendant and Appellant. | B326769<br><br>(Los Angeles County<br>Super. Ct. No. TA138610) |

APPEAL from an order of the Superior Court of Los Angeles County, Allen J. Webster, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General for Plaintiff and Respondent.

# INTRODUCTION

Diamond Damare Tyler appeals from the superior court's order denying his petition for, among other things, resentencing under Penal Code section 1172.6 (former section 1170.95)[1] without issuing an order to show cause. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.     *Tyler Pleads No Contest to Voluntary Manslaughter*

In February 2016, in connection with the shooting death of Darnell Blow, the People charged Tyler with murder (§ 187, subd. (a)) and possession of a firearm by a felon (§ 29800, subd. (a)(1)). With the murder charge the People alleged firearm-related enhancements under section 12022.53, subdivisions (b), (c), and (d). The People also alleged Tyler served five prior prison terms within the meaning of section 667.5, subdivision (b).

At the preliminary hearing, the People presented evidence Blow died from a single gunshot to the back. Detective Samuel Marullo, a homicide detective with the Los Angeles Police Department, testified that during his investigation of the case he and a partner interviewed Tyler's cousin, Alicia Baetz, who told them that on the night of Blow's death she saw Tyler and Blow have an altercation, then saw Tyler shoot at Blow as Blow ran away. Baetz testified she told the detectives that, after she saw Tyler "shoot the boy [i.e., Blow]," she saw Blow fall, get up, walk "a little bit more," and fall again.

---

[1]     Statutory references are to the Penal Code.

Detective Marullo also testified he and his partner interviewed Lillie Davis, the mother of three children by Tyler. Davis told the detectives that, two days after Blow was killed, Tyler contacted her and "said that he didn't mean to shoot [Blow], that he was scared for his life, he was concerned, and he didn't mean to hit him, he attempted to scare him." Davis testified at the preliminary hearing she was still in a relationship with Tyler, cared for him, and could not remember telling the detectives he told her he shot Blow. She did remember telling the detectives Tyler called her after the shooting and said he was scared for his life.

At the conclusion of the preliminary hearing, counsel for Tyler argued there was evidence of "some provocation" of Tyler by Blow and "some sort of altercation that caused one shot to be fired." Counsel for Tyler also argued that, although Tyler "shot at" Blow, Tyler had no "intent to actually kill" Blow and that Blow was "accidentally . . . struck." Counsel for Tyler therefore asked the trial court to "consider reducing this to a manslaughter." The court held Tyler to answer on the murder charge.

In July 2016, pursuant to a negotiated plea agreement, Tyler pleaded no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted that, in the commission of the offense, he personally used a firearm within the meaning of section 12022.5, subdivision (a). He also admitted he served two prior prison terms within the meaning of section 667.5, subdivision (b). Counsel for Tyler stipulated to a factual basis for the plea based on, among other things, police reports and the preliminary hearing transcript. Under the plea agreement, the trial court

3

sentenced Tyler to an aggregate prison term of 18 years and dismissed all other charges and allegations.

B.  *The Superior Court Denies Tyler's Petition for Resentencing*

In March 2021 Tyler, representing himself, filed a document in superior court titled "Petition for Resentencing Pursuant to Special Directives 20-08 et seq. and 20-14 et seq." Tyler asked the superior court to "recall his current sentence of 18 years and resentence him in accordance with the newly implemented sentencing policies set forth in the above-noted [Special Directive] Provisions."[2]  Under the heading "Procedural Background," Tyler alleged he was convicted of manslaughter "by way of no contest plea," for which, along with admitted allegations under sections 12022.5 and 667.5, subdivision (b), he received an aggregate prison term of 18 years.  In the rest of the petition, Tyler argued his sentence was inconsistent with the policies set forth in special directives issued by the district

---

[2]  Special Directive 20-08, issued in December 2020 by Los Angeles County District Attorney George Gascón, announced a policy that "sentence enhancements or other sentencing allegations . . . shall not be filed in any cases and shall be withdrawn in pending matters." (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 486.)  Special Directive 20-14, also issued by Gascón in December 2020, "required the deputy district attorney in charge of an open and pending case to 'join in the Defendant's motion to strike all alleged sentence enhancement(s)' or to 'move to dismiss all alleged sentence enhancement(s) named in the information for all counts.'" (*Association of Deputy District Attorneys for Los Angeles County v. Gascón* (2022) 79 Cal.App.5th 503, 516, review granted Aug. 31, 2022, S275478.)

4

attorney of Los Angeles County and, with one exception, made no mention of section 1172.6.

That exception was a paragraph headed "Penal Code 1170.95/SB 1437 Resentencing Policy," which read: "Many people accepted plea offers to manslaughter, made by this office in order to avoid a conviction for murder. It is this office's policy that where a person took a plea to manslaughter or another charge in lieu of a trial at which the petitioner could have been convicted of felony murder, murder under the natural and probable consequences doctrine, attempted murder under the natural and probable consequences doctrine, or another theory covered by Senate Bill 1437, that person is eligible for relief under section 1170.95. Such a position avoids disparate results whereby a person who this office has already determined to be less culpable—as evidenced by allowing a plea for manslaughter—serves a longer sentence than a similarly situated person who is now eligible for relief under section 1170.95" (underlining and nonstandard capitalization omitted).[3]

The first response to Tyler's petition by the superior court that appears in the record is a May 2021 minute order, which reflects that the case was called for a petition for resentencing under section 1172.6 and that Tyler was represented by counsel.

---

[3]     Tyler appears to have taken this paragraph verbatim from Special Directive 20-14, which is accessible at https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-14.pdf [as of December 12, 2023], archived at https://perma.cc/M9QV-6X9Z.

5

On that occasion, as well as several subsequent times, the court continued the hearing on the petition.

In August 2022 the People filed a response to the petition, arguing Tyler was not eligible for relief under section 1172.6 because he "was not convicted of first or second degree murder" or "convicted under the felony-murder rule or under the natural and probable consequences doctrine because he was the only actor, and the direct consequences of his actions resulted in the death of the victim." Relying "on the preliminary hearing transcript as an appropriate summary of the facts," the People argued Tyler "was the one and only shooter of the one and only victim" in the case. Counsel for Tyler did not file a written reply to the People's response.

In November 2022 the superior court held a hearing to determine whether Tyler had made a prima facie showing he was entitled to relief under section 1172.6. At the outset of the hearing, counsel for Tyler stated he was "going to submit." The court asked whether counsel for Tyler wanted to indicate his reasons for doing so. Counsel for Tyler replied: "Well, Your Honor, I can't. All I can tell you is that I'm going to submit. I can't say on the record. It might harm my client." Shortly afterward, counsel for Tyler added: "Your Honor, the People alleged he was the only person involved. He was the shooter."[4] The People summarized their argument Tyler was not eligible for relief because, among other reasons, "he was the only actor and he was the shooter, so it was his direct actions that caused the

---

[4]     The two sentences in this quotation appear exactly as they do in the reporter's transcript and as the People quote them in their brief. Tyler does not dispute the transcription's accuracy or suggest his counsel's statements were in any way ambiguous.

death of the victim." Asked whether he wished to respond, counsel for Tyler stated: "You honor, I would agree that I've read the discovery, all of it, and that's why I'm submitting." The court denied the petition "for the reasons . . . articulated by the People." Tyler timely appealed.

## DISCUSSION

A.    *Section 1172.6*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Curiel* (Nov. 27, 2023, S272238) ___ Cal.5th ___, ____ [2023 WL 8178140, p. 7]; *People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*)). Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e). The latter provision requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2,"

7

the felony-murder special-circumstance provision.  (§ 189, subd. (e)(3); see *Curiel*, at p. ___ [p. 7]; *Strong*, at p. 708; *Gentile*, at pp. 842-843.)

Section 1172.6 authorizes a person convicted of felony murder or murder, attempted murder, or voluntary manslaughter based on the natural and probable consequences doctrine, "or other theory under which malice is imputed to a person based solely on that person's participation in a crime," to petition the superior court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the changes the Legislature made to sections 188 and 189.  (See *People v. Strong, supra*, 13 Cal.5th at p. 708; *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Gentile, supra*, 10 Cal.5th at p. 843.)  If a section 1172.6 petition contains all the required information—which includes, among other things, a declaration by the petitioner that he is entitled to relief because he could not presently be convicted of murder or attempted murder as a result of the changes to sections 188 and 189—the court must appoint counsel to represent the petitioner if requested.  (*Lewis*, at pp. 962-963; see § 1172.6, subds. (a)(3), (b)(1)(A), (b)(3).)  The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief.  (§ 1172.6, subd. (c); see *People v. Curiel, supra*, ___ Cal.5th ___, ___ [pp. 7-8].)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to

8

relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause.""" (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Curiel*, *supra*, ___ Cal.5th ___, ___ [p. 14].) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*.  "'[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'" thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *People v. Curiel*, *supra*, ___ Cal.5th ___, ___ [p. 14]; *Lewis*, *supra*, 11 Cal.5th at p. 971.)  We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause.  (*Harden*, at p. 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

B.   *The Superior Court Did Not Err in Denying Tyler's Petition Without Isssuing an Order To Show Cause, and Any Error in Relying on the Preliminary Hearing Transcript Was Harmless*

Tyler contends the superior court erred in denying his petition without issuing an order to show cause because "nothing in the record . . . contradicts or rebuts, as a matter of law, the prima facie showing of eligibility for resentencing in [his] petition."  But there was no prima facie showing of eligibility for resentencing under section 1172.6 in Tyler's petition.  As stated, Tyler barely mentioned section 1172.6 in his petition, and even then he did not even hint he was eligible for relief under the statute based on the requirements in section 1172.6, subdivision (a).  (See § 1172.6, subd. (b) ["The petition shall include all the following:  [¶] (A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all of the requirements of subdivision (a). . . ."].)  In particular, he gave no indication he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 . . . ."  (§ 1172.6, subd. (a)(3).)

Nor did counsel for Tyler make any such representation at the prima facie hearing.  In fact, he did the opposite:  Based on his review of the discovery in the case, he conceded Tyler was the actual shooter in the incident that resulted in Blow's death.  "As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.'"  (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973; accord, *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1201; see *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [petitioner was not eligible for relief under section 1172.6 because he "was the actual killer and the only

10

participant in the killing"].)  Therefore, Tyler has not demonstrated the superior court committed any error in denying his petition at the prima facie stage.

It is unclear whether and, if so, to what extent the superior court relied on the preliminary hearing transcript in denying Tyler's petition.  And Tyler does not specifically argue the court did so.  But he disputes the persuasive value of a case that figures prominently in the People's brief, *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted Oct. 11, 2023, S281643, on the ground the court in that case relied on *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, in which the Supreme Court granted review to decide whether a superior court engages in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny a section 1172.6 petition at the prima facie stage.

But to the extent the superior court relied on the preliminary hearing transcript in denying Tyler's petition, and even assuming any such reliance was error, any error was harmless.[5]  (See *People v. Lewis*, *supra*, 11 Cal.5th at pp. 957-958, 973-974 [errors in denying a petition under section 1172.6 are evaluated under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836]; *People v. Flores* (2022) 76 Cal.App.5th 974, 986 ["To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing."].)  Tyler has not once alleged or asserted—including in the three briefs filed in this

---

[5]     At our request the parties submitted supplemental letter briefs on this issue.

appeal (opening, reply, and supplemental)—that he could not presently be convicted of murder or attempted murder because of the changes to sections 188 and 189.  Counsel for Tyler also conceded at the prima facie hearing Tyler was the actual shooter, and Tyler does not argue his counsel was ineffective, constitutionally or otherwise, for making that concession.  Thus, Tyler has failed to show it is reasonably probable that, had the superior court not relied on the preliminary hearing transcript (assuming it did so), the court would have issued an order to show cause on his petition.

## DISPOSITION

The order denying Tyler's petition under section 1172.6 is affirmed.

SEGAL, Acting P. J.

We concur:

MARTINEZ, J.                    EVENSON, J.*

---

*        Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12